{¶ 53} I question the wisdom of the city's unbending residency requirement, which can and does impose hardships on some of its employees and their families and thus limits the city's ability to attract and retain the best and brightest in its employment. As the population ages, reducing the available pool of applicants for *Page 19 
more physically and psychologically demanding municipal jobs like police and fire protection, the city may find an insufficient pool of qualified applicants willing to accept the residency requirement. However, I do not question the city's constitutional authority to make this decision for itself. Therefore, I agree that we must reverse the trial court's decision and find that the city charter supercedes R.C. 9.481.
 {¶ 54} I whole-heartedly agree that R.C. 9.481 does not regulate hours or wages, or provide for the comfort, health, safety, or general welfare of all employees. See Lima v. State, Allen App. No. 1-07-21,2007-Ohio-6419. It was not enacted pursuant to the legislature's authority under Art. II, § 34 of the Ohio Constitution, and therefore does not have supremacy that section grants over enactments pursuant to other constitutional provisions.
 {¶ 55} City Charter § 74 is in conflict with R.C. 9.481, requiring us to address the question whether the city charter has precedence over the statute under the city's home rule powers under Art. XVIII, § 3. "The first step in a home-rule analysis is to determine `whether the matter in question involves an exercise of local self-government or an exercise of local police power.'" Am. Financial Servs. Assn. v. Cleveland,112 Ohio St.3d 170, 2006-Ohio-6043, ¶ 23, citing Twinsburg v. State Emp.Relations Bd. (1988), 39 Ohio St.3d 226, 228. If the municipal enactment is an exercise of local police powers, then a "general" state law will take precedence over it. Canton v. State, 95 Ohio St.3d 149, 151,2002-Ohio-2005, ¶ 9. If it is an *Page 20 
exercise of local self-government, then it takes precedence. Am.Financial Servs., supra.
 {¶ 56} The parties here have agreed that City Charter § 74 isnot an exercise of local police powers. Consequently, there is no need to address the question whether R.C. 9.481 is a general law. Judge Celebrezze's conclusion that R.C. 9.481 is not a general law must be regarded as a display of excessive caution. It is not a necessary part of the constitutional analysis in this case.
 {¶ 57} I write separately to address more fully the question whether the city charter provision is an exercise of local self-government. In my view, it is difficult to imagine a more local concern than qualifications for municipal employment. See State Personnel Bd. of Rev.v. Bay Village Civ. Serv. Comm. (1986), 28 Ohio St.3d 214, 216 ("A municipality is considered to have general home-rule authority to regulate the appointment, removal, qualifications, compensation, and duties of its officers and employment"). Residency can be rationally considered a legitimate job qualification, as residents are more likely than non-residents to be concerned about the success of the city and about the welfare of their fellow residents. The state has expressed concerns about the "extraterritorial effects" of residency requirements depriving other municipalities of residents they might otherwise have. However, no municipality can claim a right to residents, so I cannot view this extraterritorial effect as a matter of statewide concern subject to state regulation.